IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HEATHER ELIZABETH GODWIN, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | C.A. No. 1:23-cv-01566 |
| CPF RIVER OAKS AUSTIN, L.L.C., D/B/A THE PARK ON BRODIE LANE, FOREST COOK, AND META PLATFORMS, INC., | § § § § § § | |
| *Defendants.* | § § | |

## META PLATFORMS, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Meta Platforms, Inc. ("Meta") hereby removes this action from the 200th Judicial District Court of Travis County, Texas, where it was pending as *Heather Elizabeth Godwin v. CPF River Oaks, Austin, L.L.C. et al.*, Cause No. D-1-GN-23-004608, to the United States District Court for the Western District of Texas, Austin Division.

### I.  Nature of the Suit

*Pro se* plaintiff Heather Elizabeth Godwin ("Plaintiff") asserts claims of negligence and human trafficking under TEX. CIV. PRAC. & REM. CODE ANN. § 98.002(a). The factual basis of these claims is not entirely clear, although Plaintiff suggests they have something to do with information provided to her on her Facebook account, as well as possible surveillance of her, by other parties, in an apartment building.

## II. <u>Removal is Timely</u>

Plaintiff commenced this action by filing her Original Petition on August 22, 2023 in the 200th Judicial District Court of Travis County, Texas. See Ex. A. Plaintiff first named Meta as a defendant on September 22, 2023 in her Second Amended Petition. *Id.* Meta is unquestionably diverse. At the time, Plaintiff had also named non-diverse defendants Reed Teckenbrock ("Teckenbrock") and Winckler and Harvey LLC ("Winckler"). *Id.*[1]

As of December 5, 2023, under the Fourth Amended Petition, the named defendants were Joseph Bruno, Sr., CPF River Oaks Austin, L.L.C., Teckenbrock, Winckler, Forest Cook ("Cook"), and Meta. *Id.* Plaintiff amended her petition a fifth time on December 6, 2023, dropping from the suit Teckenbrock and Winckler. *Id.* As set forth below, Plaintiff's fifth amendment opened the door to federal diversity jurisdiction over this action. This Notice of Removal is filed within thirty (30) days of that December 6, 2023 amendment, and is therefore timely under 28 U.S.C. § 1446(b)(3).

## III. <u>This Court has Diversity Jurisdiction Over Plaintiff's Claims</u>[2]

### A.   The Amount in Controversy Exceeds $75,000

Removal is proper under 28 U.S.C. §§ 1332 and 1441(a). The amount in controversy exceeds $75,000, exclusive of interests and costs, because in her Original

---

[1] There is no existing entity called Winckler and Harvey, LLC. But there is a Winckler and Harvey, PLLC. That entity has one member, who is from Texas. Ex. B. Reed Teckenbrock is a Texas citizen and lawyer that works for Winckler and Harvey. Ex. C.

[2] The ordinary rule is that when a defendant is from the forum state, in this case Texas, then removal is not permitted. 28 U.S. Code § 1441(b)(2). However, when the

2

Petition, Plaintiff sought damages in excess of $10 million. Ex. A. *See* 28 U.S.C. § 1446(C)(2) (the sum demanded in good faith in the initial pleading is the amount in controversy for jurisdictional purposes); 28 U.S.C. § 1332(a) (identifying amounts in controversy, exclusive of interest and costs, over $75,000 as the federal diversity jurisdictional threshold). Plaintiff's subsequent, amended petitions have sought damages of at least $1 million. Ex. A.

B.  **There is Complete Diversity**

Plaintiff and all defendants are also completely diverse. Consistent with the allegations in her pleadings, Plaintiff is a citizen of Texas. *Id*. Defendant Meta is diverse because it is incorporated in Delaware and maintains its principal place of business in California.[3]

Defendant CPF River Oaks, Austin, L.L.C.[4] is diverse too. The citizenship of an LLC is determined by the locations of its members. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023). CPF River Oaks, Austin, L.L.C.'s only member is Barings Core Property Fund Holding LP. Ex. D. The citizenship of an LP, in turn, is

---

non-diverse defendant in question was improperly joined, the default rule does not apply, and its citizenship is ignored for all jurisdictional purposes. Furthermore, removal requires consent from "all defendants who have been properly joined and served." 28 U.S. Code § 1446(b)(2)(A). But there are no such other defendants here, and so no one other than Meta needs to consent. There is also no indication on the state court docket that any other defendants have been served, have appeared, or are even aware this action exists.

[3] "[A] corporation shall be deemed a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business." *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1151 (5th Cir. 1985).

[4] As of the date of this notice of removal, there is no indication on the state court docket that CPF River Oaks, Austin, L.L.C. was ever served.

3

determined by the locations of its partners. *Knighten Mach. & Serv., Inc. v. Aqua Terra Permian, LLC*, No. SA-21-CV-00121-XR, 2021 WL 2930093, at *1 (W.D. Tex. Feb. 25, 2021). There is no publicly-available information concerning the identity and citizenship of the partner(s) of Barings Core Property Fund Holding LP. However, this entity was previously named Cornerstone Holding LP, which had only one partner: Cornerstone Patriot REIT LLC. Ex. D. The name of this entity was changed to Barings Core Property Fund REIT I LLC. *Id*. On information and belief, no members of Barings Core Property Fund REIT I LLC, Barings Core Property Fund Holding LP, or ultimately CPF River Oaks Austin, L.L.C. are citizens of Texas.[5] Therefore, Plaintiff and defendant CPF River Oaks, Austin, L.L.C. are diverse.

    **C. The Citizenship of Forest Cook is Properly Ignored Because He Was Improperly Joined**

Finally, defendant Forest Cook ("Cook") (alleged to be a Texas resident) has been improperly joined as a defendant in this matter, and therefore his citizenship is properly disregarded for purposes of determining federal diversity jurisdiction. Improper joinder obtains where the plaintiff does not "establish a cause of action

---

[5] After substantial and diligent research, there does not appear to exist any publicly-available information concerning the identities or locations of the members of Barings Core Property Fund REIT I LLC because it was formed in Delaware, which does not require LLCs to identify their members in public filings. For removal purposes, and within the Fifth Circuit, a party may properly allege that none of an LLC's members are citizens of Texas when after a diligent search, no such members are identified. This is particularly the case where, like here, the entity is not one's own client and the citizenship information is not publicly available. *See Henderson Apartments Tenant, LP v. Travelers Excess & Surplus Lines Co.*, No. 1:23-CV-00195-JRN, 2023 WL 5983889, at *3 (W.D. Tex. Sept. 14, 2023) (finding "information and belief" sufficient under these circumstances) (citing numerous cases, including Fifth Circuit precedent).

against the non-diverse party in state court." *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022).

Put another way, a non-diverse defendant is improperly joined if the allegations against it do not survive a Rule 12(b)(6) dismissal analysis. *See e.g., id.*; *Watercraft Refinishing, Inc. v. Harco Nat'l Ins. Co.*, No. A-21-CV-01118-LY, 2022 WL 2763146, at *2 (W.D. Tex. Mar. 21, 2022); *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Hernandez v. W. Tex. Treasures Estate Sales, L.L.C.*, 79 F.4th 464, 469 (5th Cir. 2023) ("[W]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."). Here, Plaintiff's allegations against defendant Cook fall short of that standard.

As an initial matter, Plaintiff treats Cook as a throw-away defendant. He was first named in Plaintiff's ***fifth*** pleading on December 5, 2023, more than 3 months after suit was initiated. Ex. A. Furthermore, there is currently no evidence on the docket that Cook has been served. Courts within the Fifth Circuit treat the failure to serve a defendant as a factor militating in favor of a finding of improper joinder of that defendant. *See Haynes v. Healthcare Services Group, Inc.*, Civ. A. No. 13-649-JJB-RLB, 2014 WL 2769080, at *1 n.1 (M.D. La. May 30, 2014).

Additionally, ***no clear legal claims are actually asserted against Cook***. Rather, Plaintiff sets forth a hodgepodge of random, disjointed allegations against him. This too militates in favor of a finding of improper joinder of Cook. *See Marc Ellman, MD., P.A. v. MDOffice LLC*, No. EP-21-CV-290-DB, 2022 WL 980640, at *3

5

(W.D. Tex. Mar. 31, 2022) ("The Fifth Circuit disapproves of shotgun pleadings, noting that the shotgun approach to pleadings, where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick, is to be discouraged."). And as described below, even generously assuming some legal claims are asserted against Cook, the allegations pled against him do not adequately support the claims.

### i. *Defamation And Negligence Are Not Sufficiently Pled Against Forest Cook*

Plaintiff embeds the following sentence in the middle of her petition: "Defendant Forest Cook has also defamed Plaintiff to parties in this case and told others her mother put her in a mental institution." Ex. A, Sixth Am. Pet. at 7. Since this single sentence is not associated with any officially styled legal claims, it is not clear whether Plaintiff intended to assert a defamation claim against Cook.

Generously assuming she did, the essential elements of defamation are: (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, at least amounting to negligence, and (4) damages. *Innovative Block of S. Tex., Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 417 (Tex. 2020). Here, the first element is not satisfied because Plaintiff did not plead that the statement was false. The third element is not satisfied because no element of fault, negligence or otherwise, is alleged. And the fourth element is not satisfied because no resulting damages are alleged.

While Plaintiff inserts a "negligence" section towards the end of her petition, this claim is aimed solely at CPF River Oaks Austin, L.L.C. and Meta. Ex. A., Sixth

Am. Pet. at 9. Even if Plaintiff had asserted a negligence claim against Cook—she didn't—it would fail on the pleadings. The essential elements of negligence in Texas are: "(1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). However, Plaintiff did not allege the existence and satisfaction of these elements specifically as against Cook, failing Rule 8 and, by extension, Rule 12(b)(6).

In sum, it is doubtful Plaintiff alleged defamation and negligence against Cook, but even if she did, she did not do so sufficiently.

### ii. TEX. CIV. PRAC. & REM. CODE ANN. § 98.002(a) is Not Sufficiently Pled Against Forest Cook

Just like her tort claims, it is not clear if Plaintiff intended to plead her Section 98.002 claim against Cook. This claim is asserted against "Defendants," without identifying which defendants, and without specifying the acts of any particular defendants giving rise to it.

Setting that flaw aside, Plaintiff does not allege facts to support the essential elements of a Section 98.002(a) claim specifically as against Cook. This provision permits suit against "a defendant who **[1]** engages in the trafficking of persons or **[2]** who intentionally or knowingly benefits from participating in a venture that traffics another person." TEX. CIV. PRAC. & REM. CODE ANN. § 98.002 (a). Here, however, Plaintiff does not allege that Cook engaged in the trafficking *of anything*, nor does she allege that Cook trafficked her. Ex. A., Sixth Am. Pet. at 8.[6]

---

[6] "Trafficking" is defined to mean "to transport, entice, recruit, harbor, provide, or otherwise obtain another person by any means." TEX. CIV. PRAC. & REM. CODE ANN.

7

Furthermore, stating a Section 98.002 claim requires the plaintiff to allege that the defendant in question "participated" in, and knew he was participating in, the human trafficking venture. *Harris v. Henry*, No. 1:22-CV-00366-LY, 2022 WL 16825200, at *6 (W.D. Tex. Nov. 7, 2022) (citing *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019).[7] Participation is more than mere passive acquiescence in trafficking conducted by others; it is an overt act, beyond mere negative acquiescence, designed to aid in the success of the venture. *In re Facebook, Inc.*, 625 S.W.3d 80, 96 (Tex. 2021) (citing *United States v. Afyare*, 632 Fed. Appx. 272, 286 (6th Cir. 2016) & *United States v. Longoria*, 569 F.2d 422, 425 (1978), for the proposition that participation involves an overt act beyond mere negative acquiescence that is designed to aid in the sex trafficking aspect of a human trafficking venture.). Here, there is no allegation that Cook was aware of any human trafficking venture or that he affirmatively participated in one.

Additionally, there are simply no allegations, whatsoever, that Cook specifically "intentionally or knowingly benefits from participating in a venture that traffics another person." TEX. CIV. PRAC. & REM. CODE ANN. § 98.002 (a). Thus, Plaintiff's Section 98.002(a) claim fails as against Cook. In turn, Cook was improperly joined, and his citizenship should be ignored when assessing diversity jurisdiction.

---

§ 98.001 (emphasis added) (defining the term "traffic" by reference to the Penal Code Chapter 20A); TEX. PEN. CODE ANN. § 20A.01(4).

[7] The Texas Supreme Court interprets 98.002 by reference to the closely related federal Trafficking Victim's Protection Reauthorization Act ("TVPRA"). *See In re Facebook, Inc.*, 625 S.W.3d 80, 96 (Tex. 2021) (observing that § 98.002 "closely resembles" the TVPRA and relying on federal law to interpret that statute), cert. denied, 142 S. Ct. 1087 (2022).

## IV. This Notice Is Procedurally Correct

Meta attaches to this notice as exhibits true and correct copies of the documents required by 28 U.S.C. § 1446(a). This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332 on the basis of diversity jurisdiction, as described above. It is removable to this Court because this United States District Court embraces the place where the state court action is pending. *See* 28 U.S.C. § 1441(a). In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 200th Judicial District Court of Travis County, Texas. The required filing fee for this removal has been paid.

## V. Jury Demand

Plaintiff demanded a jury trial in the state court action. *See* Ex. A, First Am. Pet. at 8.

## VI. Non-Waiver of Defenses

By removing this action to federal court, Meta does not waive any defenses or jurisdictional challenges, nor does it admit any of the allegations in Plaintiff's pleadings.

WHEREFORE, Meta respectfully removes the above-captioned action from the 200th District Court, Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division.

    Respectfully submitted,

    **ORRICK, HERRINGTON & SUTCLIFFE LLP**

    */s/ Ryan C. Wooten*
    Ryan C. Wooten
    State Bar No. 24075308

Michael Morehead
State Bar No. 24102242
609 Main Street, 40th Floor
Houston, Texas 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
rwooten@orrick.com
mmorehead@orrick.com

ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on December 27, 2023 a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and also served on Plaintiff by email:

*/s/ Michael Morehead*
Michael Morehead