IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HEATHER ELIZABETH GODWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1566-DII |
| | § | |
| CPF RIVER OAKS AUSTIN, L.L.C., *d/b/a* | § | |
| THE PARK ON BRODIE LANE, FOREST | § | |
| COOK, and META PLATFORMS, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff Heather Elizabeth Godwin's ("Plaintiff") motions to remand,

(Dkts. 12, 13); Plaintiff's motion for leave to file an amended complaint, (Dkt. 21); and two motions

to dismiss Plaintiff's complaint filed by Defendant CPF River Oaks Austin, L.L.C. *d/b/a*

The Park on Brodie Lane ("POBL"), (Dkt. 19), and Defendant Meta Platforms, Inc. ("Meta"), (Dkt.

25). After considering the parties' briefing, the record, and the relevant law, the Court issues the

following order.

## I. BACKGROUND

Plaintiff, a licensed Texas attorney, brings this *pro se* lawsuit against three defendants,

asserting claims for alleged human trafficking under Tex. Civ. Prac. & Rem. Code § 98.002(a),

breach of implied warranty for habitability, and negligence. (7th Am. Compl., Dkt. 15, at 15–16).[1]

Plaintiff's allegations are expansive in scope. The complaint states that, beginning in 1989, Plaintiff

was defrauded into a "contract for surveillance" by Glyn J. Godwin (Plaintiff's father), Gerard Ruth

---

[1] The Court draws the facts in this background section from Plaintiff's Seventh Amended Complaint, as it is the most recent complaint on the docket that was properly filed. The Court also considers Plaintiff's Sixth Amended Complaint, (Dkts. 5-43, 5-44, and 5-45), as it was the live pleading as of the time of removal. The difference between the two complaints, however, is minimal. Otherwise, the Court disregards the other improperly filed amended complaints on the docket. (*See* Dkts. 17, 20, 29, 30).

(her former fiancée), and Charles Gardner (a family friend). (*Id.* at 2–3). She states that, at that time, her father was in financial trouble and so to pay the debt, he colluded with others and defrauded Plaintiff "by convincing her into commercial sex acts of pornography." (*Id.*). The complaint alleges that, over the next 33 years, many third parties worked individually or as part of an enterprise to traffic pornography of Plaintiff. (*Id.* at 15). Most of the parties named in the complaint are not parties to this lawsuit and were instead subject to a separate lawsuit that was formerly before this Court. *See Godwin v. Godwin, et al.*, No. 1:23-CV-1566-DII (W.D. Tex. dismissed Feb. 5, 2024). That lawsuit involved many of the same allegations as stated in this case, but it involved federal claims for violations of 18 U.S.C. § 1591 and for civil liability under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Two of the three defendants in this lawsuit—POBL and Forest Cook ("Cook")—were also named in and dismissed from the prior lawsuit; the other defendant—Meta— was not involved in the prior lawsuit.

### A. Factual Allegations

Plaintiff makes the following specific allegations against the three defendants in this case. She alleges that in 2020 she rented an apartment from POBL. Plaintiff states that she has a medical condition that requires her "to hold a mirror in front of another mirror to see her back." She alleges that the first time she did this at her apartment, "her phone immediately started flashing its LED light and sounding an alarm," which allegedly was a sign that someone was surveilling her. She alleges that POBL enticed her "so it could obtain her to provide pornography and then allowed the installation of hidden cameras in her apartment." (7th Am. Compl., Dkt. 15, at 10–11, 15). She also alleges that POBL had a duty not to interfere with Plaintiff's use and enjoyment of the leased premises but breached that duty by videoing Plaintiff and distributing the video without her consent. (*Id.* at 15–16).

Plaintiff states that Cook employed Plaintiff as a paralegal on September 19, 2018. (*Id.* at 8). She alleges that during her employment, Cook poisoned her via a portable air conditioning unit in order to "send her a message to stop speaking out about her situation on social media." (*Id.*). She alleges that at one point, the two of them were working outside the office at "an Italian restaurant downtown." She hooked Cook's tablet up to the Wi-Fi network and when she did so "the screen that popped up was a website containing nine thumbnails of videos" that were of "women in webcams that did not know they were being watched." (*Id.*). She alleges that at a party in 2018, Cook drugged her for the purposes of providing pornography at the party and to send her a message to stop speaking out about her situation. (*Id.*). Plaintiff also alleges that Cook hacked her computer in October 2023 so she could not attend a Zoom hearing in a family law matter and that he defamed her to parties in that case. (*Id.* at 13).

Plaintiff makes various allegations throughout her complaint about third parties making posts about her on Facebook to perpetuate the alleged scheme against her or ignoring her posts pleading for help. (*See id.* at 6–7, 13). She also alleges that Meta employees monitored her posts and censored the information Plaintiff could share and receive. (*Id.* at 13). She alleges that Meta intentionally "drove distressing content to Plaintiff's feed" for the purpose of upsetting her and coercing her into providing pornographic services. (*Id.* at 13–14).

## B. Procedural History

Plaintiff filed her original petition in state court in Travis County, Texas on August 22, 2023. (Original Pet., Dkt. 5-2). From August 2023 through December 2023, Plaintiff amended her complaint six times in state court. (*See* State Docket Sheet, Dkt. 5-1). On December 27, 2023, Meta removed the case to this Court on the basis of diversity jurisdiction. (Not. of Removal, Dkt. 1). On January 10, 2024, Cook filed his answer. (Dkt. 8). A week later, Plaintiff filed motions to remand the case to state court. (Dkts. 12, 13). Meta filed a response in opposition. (Dkt. 18).

On January 26, 2024, POBL filed a motion to dismiss the sixth amended complaint, arguing that Plaintiff had failed to adequately plead her claims against POBL. (Dkt. 14). In response, Plaintiff filed her seventh amended complaint, (Dkt. 15), and a response in opposition to the motion to dismiss, (Dkt. 16). In light of Plaintiff's seventh amended complaint, on January 29, the Court issued a text order mooting POBL's motion to dismiss. On January 31, Plaintiff filed her eighth amended complaint without seeking leave from the Court. (Dkt. 17). Even though its motion to dismiss the sixth amended complaint had been mooted, on February 2, POBL filed a reply in support of its motion to dismiss, in which it sought to apply its motion to dismiss against Plaintiff's eighth amended complaint. (Dkt. 19).

On February 5, 2024, Plaintiff simultaneously filed both her ninth amended complaint onto the docket, (Dkt. 20), and a motion for leave to amend her complaint, (Dkt. 21). Meta filed a response in opposition to Plaintiff's motion for leave to amend. (Dkt. 26).

On February 9, 2024, Meta filed its motion to dismiss the seventh, eighth, and ninth amended complaints, arguing that Plaintiff's claims against it should be dismissed for lack of personal jurisdiction, improper venue, or failure to state a claim. (Dkt. 25). Plaintiff filed a response in opposition, (Dkt. 27). Over the next month, Plaintiff then filed two more amended complaints—her tenth and eleventh amended complaints—without seeking leave of the Court. (Dkts. 29, 30).

## II. MOTION TO REMAND

### A. Legal Standard

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. Accordingly, a federal court must remand a case back to state court (1) if there was a procedural defect rendering removal improper and the moving party raises the defect within thirty days of removal; or (2) if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447; *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th

Cir. 2012). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Accordingly, contested issues of fact and ambiguities of law are resolved in favor of remand. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F. 3d 242, 249 (5th Cir. 2011).

## B. Discussion

Meta removed this case on the basis of diversity jurisdiction. (Not. Removal, Dkt. 1, at 2). Plaintiff argues that Meta's removal of this case was improper for two reasons. First, Plaintiff argues that Meta did not remove this case within 30 days of service in violation of 28 U.S.C. § 1446(b)(1). (2d Mot. Remand, Dkt. 13, at 1).[2] Second, Plaintiff argues that there is not complete diversity between the parties because both Plaintiff and Cook are Texas citizens. (*Id.*). In response, Meta argues that it timely removed this case within 30 days of the first amended petition that revealed that the case was removable. (Resp. Mot. Remand, Dkt. 18, at 2). Meta also argues that Cook is an improperly joined defendant, and without his presence in the case, there is complete diversity between the parties. (*Id.* at 4; Not. Removal, Dkt. 1, at 4). The Court addresses each argument in turn.

### 1. Timeliness of Removal

A defendant must file a notice of removal "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or, "if the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant . . . of a copy of an amended

---

[2] Plaintiff filed two amended motions to remand on the same day. (*See* Dkts. 12, 13). Because both filings are substantially identical, the Court's citations will be to the second motion, (Dkt. 13).

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The thirty-day period for removal begins "only upon service of a summons or other authority asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345 (1999). "Untimely removal is a defect in removal procedure." *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 296 (5th Cir. 2017) (quoting *Belser v. St. Paul Fire & Marine Ins. Co.*, 965 F.2d 5, 8 (5th Cir. 1992)). As such, an order to remand is proper when there has been an untimely filing of the notice of removal. *See, e.g.*, *Decatur Hosp. Auth.*, 854 F.3d at 297; *Royal v. State Farm Fire and Casualty Co.*, 685 F.2d 124, 126–27 (5th Cir. 1982).

The Court finds that removal was timely. Plaintiff's original petition named two non-diverse defendants (Reed Teckenbrock and Winkler & Harvey, LLC), making the case non-removable when the case began. (*See* Or. Pet., Dkt. 1-1, at 3–4). These non-diverse defendants were also named in Plaintiff's second amended petition, which was the first pleading to name Meta as a defendant. (*See* 2d Am. Pet., Dkt. 1-1, at 20–21). Thus, when Meta was first served notice of this case, it could not remove the case. The non-diverse defendants remained in Plaintiff's third and fourth amended petitions. (*See* 3rd Am. Pet., Dkt. 1-1, at 28–29; 4th Am. Pet., Dkt. 1-1, at 38–39). It was not until Plaintiff's fifth amended petition, filed on December 6, 2023, that Plaintiff dropped these two non-diverse defendants. (*See* 5th Am. Pet., Dkt. 1-1, at 49–50). At this time, the only remaining non-diverse defendant was Cook, who Meta alleges is improperly joined. Meta then removed this case 21 days later, on December 27, 2023. (Not. Removal, Dkt. 1). Because Meta removed the case within 30 days of the first pleading that revealed that this case could be removed—the fifth amended petition—Meta's removal is timely.

2. Improper Joinder of Defendant Cook

The Court next determines if there is complete diversity in this case. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity— if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). When a properly joined defendant is a resident of the same state as the plaintiff, removal is improper. 28 U.S.C. § 1441(b)(2).

However, "the improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish improper joinder, the removing party has the "heavy" burden, *id.*, to demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Under the second prong of the improper joinder doctrine, a defendant must establish "that there is no possibility of recovery by the plaintiff against an in-state defendant," which stated differently means "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A court evaluates the reasonable basis of recovery under state law by "conduct[ing] a Rule 12(b)(6)-type analysis" or "pierc[ing] the pleadings and conduct[ing] a summary inquiry." *Id.*; *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (stating that a court may use either analysis, but it must use one and only one).

In conducting a 12(b)(6)-type analysis, federal pleading standards apply. *Int'l Energy Ventures*, 818 F.3d at 207. Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The statements in the complaint must be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*

Most of the parties in this case are diverse. Plaintiff is a citizen of Texas. (6th Am. Pet., Dkt. 1-1, at 59).[3] Meta is a citizen of Delaware and California because it is incorporated in Delaware and maintains its principal place of business in California.[4] (Not. Removal, Dkt. 1, at 3). POBL is also diverse.[5] Cook, however, is a citizen of Texas. (Answer, Dkt. 8, ¶ 7). Therefore, complete diversity does not exist if Cook is properly joined as a defendant.

---

[3] Improper joinder is determined based upon the facts alleged in the complaint on file at the time of removal. *Haskins ex rel. Estate of Haskins v. WM Specialty Mortg., L.L.C.*, No. CIVA 5:05CV01241, 2006 WL 1793283, at *1 (W.D. Tex. June 26, 2006) ("The removal jurisdiction of the court is determined by examining the record as it stands at the time the notice of removal is filed without consideration of subsequent pleadings.") (citing *FSLIC v. Griffin*, 935 F.2d 691, 695–96 (5th Cir. 1991) ("The power to remove an action is evaluated at the time of removal."). Here, the petition on file at the time of removal was the Sixth Amended Petition.

[4] "[A] corporation shall be deemed a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business." *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1151 (5th Cir. 1985).

[5] The citizenship of an LLC is determined by the locations of its members. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023). POBL's only member is Barings Core Property Fund Holding LP. (*See* Ex. D, Dkt. 1-4, at 2). The citizenship of a limited partnership, in turn, is determined by the locations of its partners. *Knighten Mach. & Serv., Inc. v. Aqua Terra Permian, LLC*, No. SA-21-CV-00121-XR, 2021 WL 2930093, at *1 (W.D. Tex. Feb. 25, 2021). Meta asserts that there is no publicly available information concerning the identity and citizenship of the partner(s) of Barings Core Property Fund Holding LP. After substantial research, Meta asserts that on information and belief, no members of Barings Core Property Fund Holding LP, or ultimately POBL, are citizens of Texas. (Not. Removal, Dkt. 1, at 4). Because Plaintiff does not challenge POBL's citizenship, and because citizenship assertions based on "information and belief" have been found to be sufficient within the Fifth Circuit, *see Henderson Apartments Tenant, LP v. Travelers Excess & Surplus Lines Co.*, No. 1:23-CV-00195-JRN, 2023 WL 5983889, at *3 (W.D. Tex. Sept. 14, 2023), *report and recommendation adopted by* 2024 WL 150769 (W.D. Tex. Jan 12, 2024), the Court finds that POBL is not a citizen of Texas and is therefore a diverse party.

Meta argues that Cook is improperly joined because Plaintiff cannot establish a cause of action against him. (Resp. Mot. Remand, Dkt. 18, at 4). Plaintiff's only claim against Cook is an alleged violation of Tex. Civ. Prac. & Rem. Code § 98.002(a). (7th Am. Compl., Dkt. 15, at 15). Chapter 98 permits suit against "a defendant who engages in the trafficking of persons or who intentionally or knowingly benefits from participating in a venture that traffics another person." Tex. Civ. Prac. & Rem. Code § 98.002(a). Texas courts have previously held that § 98.002 "closely resembles" the federal Victims Protection Act under 18 U.S.C. § 1591, and thus have relied on federal law to interpret this statute. *See Harris v. Henry*, No. 1:22-cv-00366-LY, 2022 WL 16825200 at *5 (W.D. Tex. Nov 7, 2022), *report and recommendation adopted by* 2023 WL 3035423 (Jan. 11, 2023) (citing *In re Facebook, Inc.*, 625 S.W.3d 80, 96 (Tex. 2021)). "Liability under these statutes requires a showing that a defendant acquired a benefit by 'participat[ing]' in a human-trafficking 'venture.'" *In re Facebook, Inc.*, 625 S.W.3d at 96. "Courts analyzing what it means to 'participate' in a 'venture' in the criminal context have consistently required more than passive acquiescence in the wrongdoing of others." *Id.* "'Participation' typically entails, at a minimum, an overt act in furtherance of the venture." *Id.*

Here, Plaintiff does not allege that Cook engaged in the trafficking of any person, including Plaintiff, nor that he participated or knowingly benefitted from participating in any venture trafficking any persons. Plaintiff's vague allegations that Cook undertook certain acts for the benefit of the alleged "venture" do not satisfy the federal pleading standards. Because Plaintiff has failed to state a claim against Cook, Cook is improperly joined in this case. Given that Plaintiff has had many opportunities to amend her complaint and has failed to allege any facts supporting her causes of action against Cook in any of these amendments, the Court will dismiss Plaintiff's claims against Cook with prejudice.

The remaining parties in this case are diverse, and as such, the Court is satisfied that it has diversity jurisdiction to hear this case. Accordingly, Plaintiff's motions to remand are denied.

### III. POBL's 12(b)(6) Motion to Dismiss

### A. Legal Standard

The Court next turns to POBL's motion to dismiss. Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "[A] motion to dismiss under

12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

**B. Discussion**

POBL moves to dismiss Plaintiff's claims against it, arguing that Plaintiff has failed to adequately plead claims for breach of implied warranty of habitability, negligence, and violations of Tex. Civ. Prac. & Rem. Code § 98.002(a). (Dkt. 19).[6] As stated above, to properly plead a claim under § 98.002(a), a plaintiff must plead that the defendant "engage[d] in the trafficking of persons" or "intentionally or knowingly benefit[ed] from participating in a venture that traffics another person." A plaintiff must demonstrate that a defendant obtained a benefit from participating in a trafficking venture. To adequately plead participation, the plaintiff must plead that the defendant committed an overt act in furtherance of the trafficking venture. *See In re Facebook, Inc.*, 625 S.W.3d at 96. Plaintiff does not make sufficient pleadings to state a claim under § 98.002. She alleges that she rented an apartment from POBL and that POBL allowed the installation of hidden cameras in her apartment. (7th Am. Compl., Dkt. 15, at 10, 15). These allegations are threadbare and do not provide enough detail for the Court to reasonably infer that POBL violated § 98.002. Even if these allegations were true, Plaintiff does not explain how these alleged actions were in furtherance of a human trafficking scheme or how POBL benefited from the alleged trafficking scheme. Thus, Plaintiff has failed to state a claim for relief under § 98.002 against POBL.

---

[6] The Court mooted POBL's initial motion to dismiss, (Dkt. 14), because Plaintiff subsequently filed her seventh amended complaint, (Dkt. 15). (Text Order dated Jan. 29, 2024). Days later, Plaintiff improperly filed her eighth amended complaint. (Dkt. 17). POBL then filed a brief titled "reply in support of Rule 12(b)(6) motion to dismiss." (Dkt. 19). The Court construes POBL's filing to be a renewed motion to dismiss. "[T]he nature of a motion must be determined according to its actual substance rather than title given it." *See United States v. Fisher*, 372 F. App'x 526, 528 (5th Cir. 2010) (citing *United States v. Early*, 27 F.3d 140, 141–42 (5th Cir. 1994)); *Agueros v. Vargas*, No. SA-07-CV-904-XR, 2008 WL 4179452, at *2 (W.D. Tex. Sept. 5, 2008) ("It is not the title of the motion that governs its consideration, but the substance."). Although POBL's filing is titled a reply brief and was filed after the initial motion to dismiss was mooted, it asks the Court to dismiss the most recently filed complaint at the time, the eighth amended complaint, and includes an amended proposed order. Therefore, the substance of the filing more appropriately resembles a reasserted motion to dismiss.

Plaintiff has also failed to properly allege her claim for breach implied warranty of habitability. "To maintain a cause of action for breach of implied warranty of habitability, a plaintiff must show the property at issue is unsuitable for its intended use as a home and unfit for human habitation." *Todd v. Perry Homes*, 156 S.W.3d 919, 921 (Tex. App.—Dallas 2005, no pet.). "With regard to habitability, the landlord's limited duty to repair or remedy is addressed in Tex. Prop. Code Ann. § 92.052." *Phila. Indem. Ins. Co. v. White*, 490 S.W.3d 468, 471 (Tex. 2016). "After receiving proper notice from a tenant in good standing, a landlord must make a diligent effort to repair or remedy only those conditions: (1) materially affecting the tenant's physical health or safety or (2) involving proper operation of a water heater, § 92.052(a)." *Id.* "Even then, the landlord's obligation to make such repairs is not absolute." *Id.* Moreover, "Texas law does not permit tenants to seek damages for personal injury under a breach of warranty of habitability theory." *Gonzalez v. Mountain Valley Apartments*, No. 05-99-01042-CV, 2000 WL 1201774, at *4 (Tex. App.—Dallas Aug. 24, 2000, pet. denied). Here, Plaintiff has not alleged that her apartment was unsuitable for its intended purpose, nor has she alleged that POBL had an obligation under Texas law to fix the alleged defect but failed to do so. Further, her request for damages for personal injury under a theory of implied warranty of habitability would be barred by Texas law. *See id.*

Last, Plaintiff has failed to properly allege a negligence claim against POBL. A negligence claim requires the following allegations: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). "As a rule, a person has no legal duty to protect another from the criminal acts of a third person." *Timberwalk Apartments v. Cain*, 972 S.W.2d 749, 751 (Tex. 1998). "An exception is that one who controls premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." *Id.* Plaintiff's complaint does not state what duty POBL owed to

Plaintiff or how it breached that duty. Even accepting the facts in Plaintiff's complaint as true, Plaintiff does not allege that POBL knew of the alleged secret cameras in her apartment or allege that POBL had any reason to know that Plaintiff was in any sort of danger of being surveilled.

Because Plaintiff has failed to adequately plead her claims for trafficking, breach of implied warranty of habitability, and negligence against POBL, the Court will grant POBL's motion to dismiss. Given that Plaintiff has had ample opportunity to plead facts to support her claims against POBL and still has failed to do so, the Court will dismiss her claims against POBL with prejudice.

### IV. Meta's Motion to Dismiss

Next, the Court turns to Meta's motion to dismiss the seventh, eighth, and ninth amended complaints. Meta makes three arguments as to why the claims against it should be dismissed. First, it argues that this Court lacks personal jurisdiction over it, and thus the case should be dismissed under Rule 12(b)(2). Second, it contends that this suit was brought in the wrong venue because Plaintiff agreed to Meta's terms of services when she began using Facebook. Because those terms of service state that all challenges arising out of the use of Facebook are to be adjudicated exclusively in California, Meta argues that the case should be dismissed for improper venue under Rule 12(b)(3). Third, Meta contends that Plaintiff has failed to adequately state claims for relief against it and thus the case should be dismissed under Rule 12(b)(6). (Meta's Mot. Dismiss, Dkt. 25). Because the Court finds that it lacks personal jurisdiction over Meta, it will dismiss Plaintiff's claims against Meta under Rule 12(b)(2).

### A. Legal Standard

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue "by receiving affidavits,

interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.*

But when, as here, the Court rules on the motion without an evidentiary hearing, the plaintiff need only present a *prima facie* case that personal jurisdiction is proper; proof by a preponderance of the evidence is not required. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.* Nevertheless, a court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

## B. Discussion

Because Meta is not a Texas resident, (*see* Not. of Removal, Dkt. 1-1, at 3), Plaintiff has the burden of establishing a *prima facie* case for this Court's personal jurisdiction over it. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). A federal district court may exercise personal jurisdiction over a nonresident defendant if "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). Because Texas's long-arm statute extends as far as constitutional due process allows, the two-step inquiry "collapses into one federal due process analysis." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).

Exercising personal jurisdiction over a nonresident defendant is compatible with due process when "(1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Walk Haydel*, 517 F.3d at 243 (cleaned up). There are two types of minimum contacts: those

that give rise to general personal jurisdiction and those that give rise to specific personal jurisdiction. *Lewis*, 252 F.3d at 358.

The Court addresses general jurisdiction first. General jurisdiction applies "where a foreign corporation's continuous corporate operations within a state are so substantial and of such a nature as to justify suit against it on a cause of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (cleaned up); *see also Frank v. PNK (Lake Charles)*, 947 F.3d 331, 339 (5th Cir. 2020). "General jurisdiction exists over a non-resident corporation when its 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Frank*, 947 F.3d at 336 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "There are two 'paradigm' forums in which a corporate defendant is 'at home' . . . (1) the corporation's place of incorporation and (2) its principal place of business." *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (citations omitted). "[I]t is incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Id.*

Here, Plaintiff does not assert whether she believes this Court has general jurisdiction over Meta. Meta is not incorporated in Texas, and Texas is not Meta's principal place of business. (*See* Pricer Decl., Dkt. 25-1, ¶ 3). Nor is Meta's operation of a worldwide social media company sufficient to establish general jurisdiction over Meta in Texas. *See, e.g.*, *Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1244 (W.D. Wash. 2016) ("[P]ersonal jurisdiction over Facebook may not exist simply because a user avails himself of Facebook's services in a state other than the states in which Facebook is incorporated and has its principal place of business."). Accordingly, the Court finds that it lacks general jurisdiction over Meta.

Specific jurisdiction applies when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to

those activities." *Walk Haydel*, 517 F.3d at 243. Conduct unrelated to a plaintiff's claims is irrelevant to the exercise of specific personal jurisdiction. *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006) (stating that the Due Process Clause bars the exercise of specific jurisdiction over claims that do not arise out of the defendant's forum contacts); *see also Jackson v. FIE Corp.*, 302 F.3d 515, 530 (5th Cir. 2002) (stating that personal jurisdiction exists only if a cause of action arises from or relates to the defendant's conduct "in or vis-à-vis the forum"). The touchstone of the specific jurisdiction analysis is "whether the defendant's conduct shows that it reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759 (cleaned up). Even a single contact can support specific jurisdiction if it creates a "substantial connection" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985). That said, specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Sangha*, 882 F.3d at 103. Due process requires that specific jurisdiction be based on more than the "random, fortuitous, or attenuated" contacts a defendant makes by interacting with people affiliated with the forum state. *Walden v. Fiore*, 571 U.S. 277, 286 (2014). The plaintiff thus "cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285.

Here, Plaintiff alleges that this Court has specific jurisdiction over Meta because she has alleged "that Meta or an agent thereof committed a tort in Texas." (Resp. Meta's Mot. Dismiss, Dkt. 27, at 1). She argues that Meta's contacts with the state "gave rise to the events underlying this claim." (*Id.* at 1–2). She also contends that Meta purposefully availed itself of Texas's courts because Meta "sent megabytes and megabytes of electronic signals and code through wire that rests in Texas soil" and that these megabytes hit "cell towers in Texas to get to its consumers." (*Id.* at 2). She argues that Meta has "availed itself of Texas to push distressing content onto plaintiff's feed." (*Id.*).

16

The Court finds that Plaintiff has failed to carry her burden in establishing that this Court has specific jurisdiction over Meta in this case. Plaintiff's complaint makes conclusory allegations as to how Meta restricted information to Plaintiff and "pushed distressing content" onto her feed. (*See* 7th Am. Compl., Dkt. 15, at 13–16). Plaintiff alleges that "Meta or an agent thereof located in Texas committed a tort in Texas." (*Id.* at 2). But throughout her complaint, Plaintiff does not allege any specific facts demonstrating that any of the alleged actions took place by a Texas-based Meta employee. Additionally, courts around the country have found that Meta's mere operation of Facebook does not amount to "purposeful availment." *See, e.g.*, *Ralls v. Facebook*, 221 F. Supp. 3d at 1244; *Harrison v. Facebook, Inc.*, No. CV 18-0147-TFM-MU, 2019 WL 1090779, at *4 (S.D. Ala. Jan. 17, 2019). As for Plaintiff's assertion that Meta's transmittal of megabytes of signals and code through Texas wires to Texas cell towers is sufficient for personal jurisdiction, the Court does not credit this argument, as Plaintiff did not plead this nor did she present any evidence to support this argument. *See Panda Brandywine Corp.*, 253 F.3d at 869 (courts consider uncontroverted complaint allegations and the evidence when analyzing Rule 12(b)(2) motions). In any event, "recent case law within the Fifth Circuit indicates that mere internet presence within Texas does not typically generate general jurisdiction." *See Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 978 (S.D. Tex. 2018) (collecting cases).

In sum, the Court finds that it has neither general nor specific personal jurisdiction over Meta in this case. Accordingly, the Court grants Meta's Rule 12(b)(2) motion to dismiss and will dismiss Plaintiff's claims against it without prejudice. *See Robertson-Dewar v. Mukasey*, 599 F. Supp. 2d 772, 778 (W.D. Tex. 2009) (dismissals for lack of jurisdiction are not on the merits).

## V. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### A. Legal Standard

Last, the Court addresses Plaintiff's motion for leave to file an amended complaint. The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). Even this lenient rule has limits. A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. Permissible reasons for denying a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016).

Generally, a *pro se* litigant should be offered an opportunity to amend her complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). This is because a plaintiff proceeding *pro se* is normally entitled to liberal construction of her submissions in federal court. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, these principles do not apply when the pro se plaintiff is a licensed attorney, as here. *See Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) (declining to give a *pro se*

litigant the "liberal construction of his complaint normally given [to] pro se litigants" because he was

a licensed attorney).

Granting leave to amend is also not required if the plaintiff has already pleaded his "best

case." *Id.* at 768 (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). If a *pro se* party does

not explain what additional material facts she "would have added or how he could have overcome

the deficiencies found by the district court if he had been granted an opportunity to amend," then a

court need not grant leave to amend. *Id.* (quoting *Goldsmith v. Hood Cnty. Jail*, 299 F. App'x 422, 423

(5th Cir. 2008) (per curiam).

### B. Discussion

Plaintiff moves for leave to amend her complaint, specifically to add a negligence claim

against Cook. (Mot. Leave, Dkt. 21, at 1). She requests that the Court allow her to file her ninth

amended complaint. (*Id.*). Plaintiff, however, has already attempted to file her ninth amended

complaint directly on the docket simultaneously with her motion for leave. (*See* Dkt. 20). Meta

opposes Plaintiff's motion, arguing that allowing her to amend her complaint once again would be

futile and result in undue prejudice. (Resp. Mot. Leave, Dkt. 26, at 1).

The Court finds that Plaintiff should not be allowed her to amend her complaint. Prior to

removal, Plaintiff had already amended her complaint six times. Since being in this Court, Plaintiff

has attempted to file five more amended complaints. Plaintiff's seventh amended complaint was the

only one properly filed under Rule 15(a). Plaintiff has improperly filed every other complaint onto

the docket without seeking the Court's permission. In doing so, Plaintiff has demonstrated bad faith

and a dilatory motive, as her serial amendments have been filed to specifically nullify arguments that

Defendants made in their motions to dismiss. Countenancing Plaintiff's improperly filed amended

complaints or allowing her leave to amend her complaint once more would only result in more

undue delay and prejudice to Defendants in this case. Further, the Court finds that amendment

would be futile. Having analyzed the ninth amended complaint, the Court finds that it is substantially similar to the previous complaints. It does not better elucidate Plaintiff's theory of negligence against Cook nor any other claim against the other defendants. Plaintiff's tenth and eleventh amended complaints fare no better. Her repeated failure to cure deficiencies in her complaints persuades the Court that she has already pled her best case. Accordingly, the Court denies Plaintiff leave to file her ninth amended complaint.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's motions to remand, (Dkts. 12 and 13), are **DENIED**. Plaintiff's claims against Defendant Forest Cook are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that POBL's motion to dismiss, (Dkt. 19), is **GRANTED**. Plaintiff's claims against Defendant POBL are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Meta's motion to dismiss, (Dkt. 25), is **GRANTED IN PART**. Plaintiff's claims against Defendant Meta are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file amended complaint, (Dkt. 21), is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (1) the imposition of court costs under 28 U.S.C. § 1915(f); (2) the imposition of significant monetary sanctions under Fed. R. Civ. P. 11; (3) the imposition of an order barring her from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (4) the imposition of an order imposing some combination of these sanctions.

As nothing remains to resolve, the Court will enter final judgment by separate order.

**SIGNED** on May 28, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE